UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARK BAUERSACHS and MARCIELI BAUERSACHS, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | |
| JUSTICE FRANK M. GAZIANO, MASSACHUSETTS SUPREME JUDICIAL COURT; JUSTICE DAVID A. LOWY, MASSACHUSETTS SUPREME JUDICIAL COURT; JUSTICE ELSPETH B. CYPHER, MASSACHUSETTS SUPREME JUDICIAL COURT and JUSTICE SCOTT L. KAFKER, MASSACHUSETTS SUPREME JUDICIAL COURT, | * * * * * * * * * * * | Civil Action No. 21-cv-11866-ADB |
| Defendants. | * * | |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Mark and Marcieli Bauersachs ("Plaintiffs") assert various claims under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution for alleged violations of their due process and equal protection rights by Associate Justices of the Massachusetts Supreme Judicial Court ("SJC") Frank M. Gaziano, David A. Lowy, Elspeth B. Cypher, and Scott L. Kafker ("Defendants"). [ECF No. 1 ("Complaint" or "Compl.")]. Defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the Court lacks jurisdiction to hear the claims under the Rooker-Feldman doctrine. [ECF No. 13]. Also pending before the Court is Plaintiffs' motion to amend. [ECF No. 16].

1

For the reasons set forth below, Defendants' motion to dismiss, [ECF No. 13], is GRANTED and Plaintiffs' motion to amend, [ECF No. 16], is DENIED.

I.  BACKGROUND

The following facts are drawn from the Complaint, which the Court construes liberally "treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). As it may on a motion to dismiss under Rule 12(b)(1), the Court has also considered documents outside the pleadings, and takes judicial notice of the relevant state court proceedings.[1]

Plaintiffs were defendants in two no-fault summary process eviction actions that were consolidated and resolved through a jury trial held in the Massachusetts Housing Court ("Housing Court") on October 23, 2017. See [Compl. ¶ 3]; Curran v. Bauersachs, Case No. 15H85SP001462 (Mass. Hous. Ct. Oct. 25, 2017); Curran v. Bauersachs, Case No. 15H85SP003345, Dkt. No. 52 (Mass. Hous. Ct. Oct. 25, 2017).[2] On October 25, 2017, the Housing Court entered judgment against Plaintiffs in the consolidated action. Curran, Case No. 15H85SP003345, Dkt. No. 55; see also [ECF No. 14 at 4]. Plaintiffs filed post-trial motions on October 30, 2017 and a notice of appeal on November 2, 2017. Id., Dkt. Nos. 56–61; see also [ECF No. 14 at 4]. On November 20, 2018, a panel of the Massachusetts Appeals Court ("Appeals Court"), dismissed the appeal without a hearing because Plaintiffs' notice of appeal

---

[1] The Court takes judicial notice of Massachusetts Appeals Court dockets, 2016-P-0092 and 2018-P-0557, and Massachusetts Central Housing Court cases, 15H85SP001462 and 15H85SP003345. The Court also takes judicial notice of the following: Memorandum and Order Pursuant to Rule 1:28, Curran v. Bauersachs, No. 2016-P-0092, 2017 WL 1969731 (Mass. App. Ct. May 12, 2017) and Curran v. Bauersachs, No. 18-P-0557, 2019 WL 441503 (table) (Mass. Jan. 24, 2019).

[2] After the actions were consolidated, the first of the two actions filed was dismissed as duplicative, without costs. Curran, Mass. Hous. Ct., No. 15H85SP001462.

was not timely.  [Compl. ¶ 40]; Curran, Case No. 2018-P-0557, Dkt. No. 14 (Mass. App. Ct.). Plaintiffs' request for further appellate review by the SJC was also denied.  [Compl. ¶ 40]; Curran, 481 Mass. 1105 (2019).

On February 15, 2019, Plaintiffs, proceeding *pro se*, filed an action in federal district court against the Associate Justices of the Appeals Court who sat on the panel that dismissed their appeal.  Bauersachs v. Massing, No. 19-cv-10295, 2019 WL 1961077, at *1 (D. Mass. May 1, 2019).  Plaintiffs' suit was dismissed with prejudice on May 1, 2019 because the court lacked subject-matter jurisdiction to hear the claim under the Rooker-Feldman doctrine, which precludes federal district court review of state court judgments.  Id. at *2–4.  Plaintiffs appealed this decision, and on January 28, 2021, the First Circuit affirmed dismissal.  See Bauersachs v. Englander, Nos. 19-2081, No. 19-2081, 2021 WL 1702324 (1st Cir. Jan. 28, 2021).  Plaintiffs then filed yet another *pro se* complaint against an Associate Justice of the Housing Court and the Housing Court itself challenging the constitutionality of Mass. Uniform Summary Process R. 10(c), and that complaint was also dismissed with prejudice pursuant to the Rooker-Feldman doctrine.  See Bauersachs v. Kerman, No. 20-cv-40126, 2021 WL 372456 (D. Mass. Feb. 3, 2021).

Undeterred, Plaintiffs filed the instant *pro se* Complaint on November 17, 2021 seeking declaratory relief and alleging that the processes and rules used by the Housing Court in their eviction proceedings, specifically the rules governing consolidation of cases, violated their constitutionally-guaranteed due process and equal protection rights.  See [Compl. ¶¶ 5, 11, 12, 49].  On February 18, 2022, Defendants filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1).  [ECF No. 13].  On April 7, 2022, Plaintiffs opposed Defendants' motion to dismiss, filed a countermotion to strike portions of Defendants' motion, [ECF No. 15], and filed

3

a motion to amend the complaint, [ECF No. 16]. On April 25, 2022, Defendants opposed the motion to strike and the motion to amend the complaint. [ECF No. 17]. Plaintiffs replied to the opposition on April 28, 2022. [ECF No. 18].

## II. MOTION TO DISMISS

### A. Legal Standard

"When considering a motion to dismiss under subsection 12(b)(1) of the Federal Rules of Civil Procedure, the Court should apply a standard of review 'similar to that accorded a dismissal for failure to state a claim' under subsection 12(b)(6)." Rodriguez v. Mass. Parole Bd., No. 16-cv-11113-ADB, 2017 WL 706597, at *2 (D. Mass. Feb. 22, 2017) (citing Menge v. N. Am. Specialty Ins. Co., 905 F. Supp. 2d 414, 416 (D.R.I. 2012)). A motion to dismiss under Rule 12(b)(1) "is appropriate only when the facts adumbrated in the plaintiff's complaint, taken at face value, fail to bring the case within the court's subject-matter jurisdiction." Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). Where subject-matter jurisdiction is challenged, the plaintiff bears the burden of proving jurisdiction. Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007).

Because Plaintiffs are proceeding *pro se*, the Court must generously construe the arguments in their Complaint and briefing. Bahiakina v. U.S. Postal Serv., 102 F. Supp. 3d 369, 371 (D. Mass. 2015) ("[A] document filed *pro se* is to be liberally construed . . . ." (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007))). However, a *pro se* litigant still must comply with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

4

**B.    Discussion**

1.    Rooker-Feldman Doctrine

Defendants have moved to dismiss the Complaint pursuant to Rule 12(b)(1) on the ground that the Court lacks jurisdiction to hear the claims under the Rooker-Feldman doctrine.[3] [ECF No. 13]. Rooker-Feldman dictates that federal district courts lack jurisdiction over "federal complaints . . . [that] essentially invite[] federal courts of first instance to review and reverse unfavorable state-court judgments." Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 20 (1st Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005)). "[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court[.]" Davison v. Gov't of P.R.-P.R. Firefighters Corps., 471 F.3d 220, 223 (1st Cir. 2006); see also D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

The Rooker-Feldman doctrine "applies only when 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" Riley v. Decoulos (In re Am. Bridge Prods., Inc.), 599 F.3d 1, 4 (1st Cir. 2010) (quoting Exxon Mobil, 544 U.S. at 291). "[A] general attack on a state law or regulation is not precluded by a prior judgment applying such a law or rule to the federal plaintiff." Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 34 (1st Cir. 2004). "The exception does not apply, however, if the relief sought in

---

[3] Plaintiffs have moved to strike portions of Defendants' motion to dismiss. [ECF No. 15]. Pursuant to Fed. R. Civ. P. 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored. Boreri v. Fiat S.p.A., 763 F.2d 17, 23 (1st Cir. 1985). Because the statements of fact in Defendants' motion are not scandalous, redundant, immaterial, or impertinent, Plaintiffs' motion to strike is denied.

federal court is directed towards undoing the prior state judgment." Id. The Rooker–Feldman "doctrine is widely used by the federal court to prevent end-runs against state judgments." Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir.2003).

"It is a condition precedent to the application of the Rooker-Feldman doctrine that, at the time the federal-court suit is commenced, the state-court proceedings have ended." Coggeshall v. Mass. Bd. of Reg. of Psychologists, 604 F.3d 658, 663–64 (1st Cir. 2010) (citing Federación de Maestros de P.R., 410 F.3d at 24–29). The First Circuit has identified three situations in which state proceedings have ended for the purposes of the Rooker-Feldman doctrine:

> First, when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, then without a doubt the state proceedings have "ended." . . . . Second, if the state action has reached a point where neither party seeks further action, then the state proceedings have also "ended." . . . . Third, if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated, then the state proceedings have "ended" within the meaning of Rooker-Feldman on the federal questions at issue.

Federación de Maestros de P.R., 410 F.3d at 24–25.

Defendants contend that the Court lacks subject-matter jurisdiction over this action under the Rooker-Feldman doctrine because the "actual relief sought . . . is directed at undoing the state-court summary process judgment" and would require "that this Court reverse the SJC decision in their case." [ECF No. 14 at 8]. Plaintiffs respond that the Rooker-Feldman doctrine does not apply because (1) "the source of injury in this federal action is not the final judgment awarded to the landlord in the second action," (2) there was "no final judgment on the premature claim to possession after nonsuit by the landlord," and (3) "the declaratory relief requested in this federal action does not seek review of any final state-court judgment and does not disrupt a final state-court judgment[.]" [ECF No. 15 at 2–3].

6

The Court agrees with Defendants that the Rooker-Feldman doctrine bars its review of Plaintiffs' claims. First, the state court proceedings underlying this action are final and have ended for the purposes of Rooker-Feldman. The Housing Court entered final judgment against Plaintiffs, see Curran, Dkt. No. 52 (Mass. Hous. Ct. Oct. 25, 2017), their appeal was dismissed on November 20, 2018, and the SJC denied further appellate review on January 24, 2019,[4] Curran, Case No. 2018-P-0557, Dkt. No. 14 (Mass. App. Ct. Jan. 24, 2019). Plaintiffs filed the instant Complaint in federal court after the proceedings at both the Appeals Court and the Supreme Court ended and were resolved against them. See [Compl.]. Because "the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved," the state proceedings have ended. See Federación de Maestros de P.R., 410 F.3d at 24.

Second, despite Plaintiffs' attempt to characterize their Complaint as a general attack on a state court rule about consolidation, Plaintiffs clearly seek to challenge the application of rules and processes against them, and the relief sought would indisputably result in this Court "effectively overturn[ing]" the related state court decisions. See Maymó-Meléndez, 364 F.3d at 33. Here, as in Englander, Plaintiffs' "attempt to reframe the case as an independent challenge to Massachusetts law is 'felled by [their] own complaint.'" 2021 WL 1702324, at *1 (quoting Tyler v. Supreme Judicial Court of Mass., 914 F.3d 47, 51 (1st Cir. 2019), then quoting McKenna v. Curtin, 869 F.3d 44, 48 (1st Cir. 2017)).

Plaintiffs' complaint discusses at-length their state court proceedings, [Compl. ¶¶ 19–40], and repeatedly alleges harms attributable to the state court decisions against them, see [id. ¶ 33

---

[4] The Court may take judicial notice of the proceedings at the Appeals Court while applying the motion to dismiss standard. See supra note 2.

7

(alleging "violations of due process in th[e] case); ¶ 36 (alleging that they "had been stripped of the[ir] right to possession"); ¶ 40 (alleging that SJC's denial of further review "allow[ed] to stand the abuse of consolidation . . . without due process."). What is more, Plaintiffs named these justices as Defendants in this case because they were the Associate Justices who "were sitting on the SJC when Plaintiffs' request for further appellate review was denied" and who "create and enforce" the rules. [Id. ¶¶ 6–7]. In sum, Plaintiffs cannot prevail because they, at root, seek to challenge how a rule or process was applied against them specifically, see Tyler, 292 F. Supp. 3d at 559, and the claim cannot be saved by a last-minute, half-hearted suggestion that they will "request discovery" that could possibly reveal that earlier actions were improperly consolidated, see [Compl ¶ 41].

No doubt Plaintiffs have benefitted from having taken several bites at this apple and now, in their third federal suit seeking to challenge the outcomes of the housing court cases that were adverse to them, have tried to disguise their grievances as independent constitutional claims, but their Complaint belies that assertion. Here, there are no facts that distinguish this case from Massing, Englander, and Kerman or allow for a different outcome. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999) (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).

Accordingly, because adjudication of the constitutional issues raised by Plaintiffs would necessarily require reviewing the merits of the state court decisions, this Court lacks jurisdiction and the claims will be dismissed.

        2.        Request for Leave to Amend the Complaint

Plaintiffs request that the Court grant them leave to amend the Complaint. [ECF No. 16]. Rule 15(a) requires that a request for leave to amend be filed within 21 days after the service of the motion and provides that leave to amend generally should be "freely give[n] . . . when justice so requires." See Fed. R. Civ. P. 15(a); see also Foman v. Davis, 371 U.S. 178, 182 (1962). "[E]ven so, [a] district court enjoys significant latitude in deciding whether to grant leave to amend." ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008). "Reasons for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (citing Foman, 371 U.S. at 182); see United States ex rel. Rost v. Pfizer, Inc., 507 F.3d 720, 734–35 (1st Cir. 2007). When considering whether an amendment would be futile, "the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). Where the "proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." Abraham v. Woods Hole Ocean. Inst., 553 F.3d 114, 117 (1st Cir. 2009) (quoting Boston & Me. Corp. v. Hampton, 987 F.2d 855, 868 (1st Cir. 1993)).

Plaintiffs failed to file their motion to amend the Complaint within the 21-day time frame and, for the reasons stated *supra* in Section II.B.1., their claims are barred by the Rooker-Feldman doctrine such that any amendment to the Complaint would be futile. Accordingly, because Plaintiffs' proposed amended complaint is futile, Plaintiffs' request for leave to amend is denied.

## III. CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss, [ECF No. 13], is <u>GRANTED</u>.  The Complaint is dismissed with prejudice, and Plaintiffs' request for leave to amend the Complaint, [ECF No. 16], is <u>DENIED</u>.

**SO ORDERED.**

September 8, 2022                                                             /s/ Allison D. Burroughs
                                                                              ALLISON D. BURROUGHS
                                                                              U.S. DISTRICT JUDGE